**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | * | |
| | * | |
| | * | |
| KENNETH R. HARDIGAN, | * | 4:13-cv-00130-JRH |
| | * | |
| Debtor | * | |
| _____ | * | Bankruptcy Case: |
| SUNTRUST BANK, | * | No. 12-40484-LWD |
| | * | |
| Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| KENNETH R. HARDIGAN, | * | |
| | * | |
| Appellee. | * | |

**O R D E R**

Suntrust Bank[1] ("Appellant") appeals from the Bankruptcy
Court's March 29, 2013 Order denying Appellant's and the United
States Trustee's motions to convert Kenneth R. Hardigan's
("Appellee") Chapter 7 filing to a Chapter 11 or, in the
alternative, to dismiss. Because the Bankruptcy Court did not err
in refusing to convert the Chapter 7 case to one under Chapter 11
and did not err in applying the totality of the circumstances test
when assessing abuse, this Court **AFFIRMS** the Bankruptcy Court's
Order.

---

[1]    This Order amends the Court's September 19, 2014 Order (Doc. 29).

## I. BACKGROUND

Appellee is a cardiologist residing in Savannah, Georgia. (Doc. no. 1-2 at 1, 19.) He filed his Chapter 7 petition for bankruptcy on March 7, 2012. (Doc. no. 1-8 at 1.) It is undisputed that his debts are primarily consumer in nature. (Id. at 3.) Appellant moved on May 23, 2012 to convert the case to a Chapter 11 or, in the alternative, to dismiss on the ground that Appellee's bankruptcy petition constituted an abuse of the Chapter 7 process. (Doc. no. 1-6.) In ruling on the motion, the Bankruptcy Court determined that no presumption of abuse based on the "means test" of 11 U.S.C. § 707(b)(2) existed. In re Hardigan, 490 B.R. 437, 440 (Bankr. S.D. Ga. 2013). Appellant alleged that given Appellee's ability to pay, his Chapter 7 petition constituted abuse based on the "totality of the circumstances" test set forth in 11 U.S.C. § 707(b)(3)(B). (Doc. no. 1-6 at 4-5.) The Bankruptcy Court held that based on a number of factors, Appellee's petition did not constitute abuse. In re Hardigan, 490 B.R. at 459. Additionally, the Bankruptcy Court declined to convert Appellee's petition to a Chapter 11 under 11 U.S.C. § 706(b). Id. at 446-47.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) and Bankruptcy Rules 8001 et seq. On appeal, the Court reviews the Bankruptcy Court's factual findings for clear error, and its legal conclusions de novo. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).

In determining whether Chapter 7 relief constitutes abuse under 11 U.S.C. § 707(b)(3), "bankruptcy courts have considerable

2

discretion" and, when challenged, "[the district court] review[s] only for abuse of discretion." In re Kulakowski, 735 F.3d 1296, 1298-99 (11th Cir. 2013). A bankruptcy court abuses its discretion when it "applies the wrong principle of law or makes clearly erroneous findings of fact." In re Piazza, 719 F.3d 1253, 1271 (11th Cir. 2013).

## III. DISCUSSION

This appeal presents two issues: (1) whether the Bankruptcy Court erred in denying Appellant's motion to dismiss under 11 U.S.C. § 707(b)(3)(B); and (2) whether the Bankruptcy Court erred in denying Appellant's motion to convert to a Chapter 11 under 11 U.S.C. § 706(b).

### A. Dismissal Under 11 U.S.C. § 707(b)(3)(B)

On appeal, Appellant challenges the Bankruptcy Court's application of the "totality of the circumstances" test. The Court reviews this determination for an abuse of discretion. See In re Kulakowski, 735 F.3d 1296, 1299 (11th Cir. 2013).

The Bankruptcy Code provides for dismissal of a Chapter 7 case where "the granting of relief would be an abuse of the provisions of [the Code]." 11 U.S.C. § 707(b)(1). A presumption of abuse arises where the debtor fails the "means test," which is calculated by a statutory formula. 11 U.S.C. § 707(b)(2). Even where this presumption of abuse does not arise, however, the court may still find abuse by considering (1) whether the debtor filed the petition in bad faith; or (2) "the totality of the circumstances...of the debtor's financial situation...." 11 U.S.C. § 707(b)(3)(A-B).

In the present case, the Bankruptcy Court found that Appellee's petition would not constitute abuse under the totality of the circumstances test. In re Hardigan, 490 B.R. 437, 459

3

(Bankr. S.D. Ga. 2013). In making its determination, the Bankruptcy Court relied on the following factors: (1) ability to repay a meaningful portion of debts; (2) whether the bankruptcy was caused by an unforeseen or sudden calamity; (3) eligibility for Chapter 11 or Chapter 13 relief; (4) the debtor's efforts to repay debts and negotiate with creditors; (5) the debtor's ability to provide a "meaningful" distribution in a Chapter 13 case; (6) ability to reduce the debtor's expenses without depriving the debtor of necessities; (7) the time period over which the debts were incurred; and (8) the stability of the debtor's income. In re Hardigan, 490 B.R. 437, 447 (Bankr. S.D. Ga. 2013) (citing In re Truax, 446 B.R. 638, 642 (S.D. Ga. 2010)).

The Bankruptcy Court found that, although Appellee's ability to pay pointed toward abuse, other factors dictated a contrary result. Specifically, the Bankruptcy Court held Appellee's fresh start would be impaired by a Chapter 11 proceeding; the real estate market collapse constituted an unforeseeable calamity; Appellee's debts were incurred over years and not through a pre-bankruptcy "spending spree"; Appellee dealt fairly and honorably with creditors; and Appellee was not attempting to "game" the bankruptcy system. Id. at 451-57.

In challenging the Bankruptcy Court's application of this test, Appellant makes two claims. First, the Bankruptcy Court should have dismissed the case based on the ability to pay factor alone and, second, the Bankruptcy Court improperly relied on other factors not relevant to Appellee's ability to pay. (Doc. no. 14, "Appellant's Brief," at 14-21.)

As to the first contention, Appellant alleges that the "the ability to pay is the most important, and driving, factor in the

4

totality of the circumstances analysis." (<u>Id.</u> at 16.) In so arguing, Appellant cites a number of cases where courts have found the ability to repay creditors sufficient, standing alone, to find abuse. <u>See, e.g.</u>, <u>In re Lamanna</u>, 153 F.3d 1, 4 (1st Cir. 1998) (holding that the "bankruptcy court may, but is not required to, find 'substantial abuse'[2] if the debtor has an ability to repay, in light of all of the circumstances"); <u>In re Krohn</u>, 886 F.2d 123, 126 (6th Cir. 1989) (stating that the ability to repay debts "alone may be sufficient to warrant dismissal").

These cases, however, state that a bankruptcy court may permissibly rely solely on ability to pay. They do not dictate such a result. In fact, the court in <u>In re Lamanna</u> "reject[ed] any per se rules mandating dismissal for 'substantial abuse' whenever the debtor is able to repay his debt out of future disposable income, or forbidding dismissal on that basis alone." 153 F.3d at 4. Emphasizing that ability to pay is but one factor that can be utilized, the Eleventh Circuit declined to decide "whether a debtor's ability to pay his or her debts *can alone* be dispositive under the totality-of-the-circumstances test[,]" demonstrating that ability to pay is but *one* factor that *may* be considered. <u>In re Witcher</u>, 702 F.3d 619, 623 (11th Cir. 2012) (emphasis added).

In fact, many other courts have found that ability to pay, in and of itself, is insufficient to compel dismissal for abuse. <u>See, e.g.</u>, <u>In re Lavin</u>, 424 B.R. 558, 563 (Bankr. M.D. Fla. 2010) ("Congress could have required dismissal based solely on a debtor's

---

[2] In 2005, Congress amended section 707(b)(3) to call for "abuse" rather than "substantial abuse" with the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). <u>See</u> <u>In re Walker</u>, 383 B.R. 830, 836 (Bankr. N.D. Ga. 2008). Because of the similarity in tests, courts continue to apply pre-BAPCPA case law in determining whether abuse is present. <u>Id.</u> ("[B]ankruptcy courts have looked to pre-BAPCPA case law for guidance in determining whether to dismiss a chapter 7 case pursuant to section 707(b).").

'ability to pay.' Instead, section 707(b)(3)(B) requires evaluation of the 'totality of the circumstances.' Thus, the UST must show something more than just the debtor's mathematical ability to pay."); In re Rudmose, No. 10-74514-WLH, 2010 WL 4882059, at *3 (Bankr. N.D. Ga. Nov. 8, 2010) (citing several cases for the proposition that "courts also generally hold that an ability to pay alone is not sufficient to justify dismissal of a case for abuse").

Appellant's second claim addresses the Bankruptcy Court's application of the other seven factors listed above. Specifically, Appellant alleges that the Bankruptcy Court "d[id] not provide sufficient reasons why any of the remaining factors – either separately or collectively – [were] relevant to [Appellee's] financial situation and outweigh his ability to repay a meaningful amount of his debts." (Appellant's Brief at 17.) While it is true the Bankruptcy Court addressed Appellee's fair and honorable dealings with his creditors, it also relied on a multitude of other factors that have bearing on the totality of Appellee's "financial situation," including his future financial prospects, the manner in which the debts were incurred, and the fact that Appellee sold or surrendered his real estate, reduced his unsecured debt, and will, following bankruptcy, retain little secured property. In re Hardigan, 490 B.R. 437, 455 (Bankr. S.D. Ga. 2013).

Thus, based on a careful review of the Bankruptcy Court's Order and the parties' briefs, I cannot find that the Bankruptcy Court abused its discretion by refusing to find abuse of process based on ability to pay alone or by the other factors relied on in its analysis.

**B. Conversion Under 11 U.S.C. § 706(b)**

Appellant next challenges the Bankruptcy Court's failure to convert Appellee's case to a Chapter 11 under 11 U.S.C. § 706(b). As discussed above, the Court will review findings of fact for clear error and conclusions of law de novo. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).

Section 706(b) provides that, upon request of an interested party and after notice and a hearing, the court may convert a Chapter 7 case to a Chapter 11. 11 U.S.C. § 706(b). This section does not provide any additional requirements, instead leaving the decision to the "sound discretion of the court, based on what will most inure to the benefit of all parties in interest." S. Rep. No. 95-989, at 940 (1978); see also In re Lobera, 454 B.R. 824, 853 (Bankr. D.N.M. 2011) ("[Section 706(b)] is not mandatory; the Court should use its discretion in any decision to convert.").

Courts have relied on various factors in determining whether a section 706(b) conversion would be appropriate: (1) the debtor's ability to repay debt; (2) the absence of immediate grounds for reconversion; (3) the likelihood of confirmation of a Chapter 11 plan; and (4) whether the parties in interest would benefit from conversion. See In re Gordon, 465 B.R. 683, 692-94 (Bankr. N.D. Ga. 2012); In re Schlehuber, 489 B.R. 570 (B.A.P. 8th Cir. 2013) (relying on ability to pay and potential for confirmation).

The Bankruptcy Court, in its order, made the following findings of fact: Appellee had the ability to repay debts; the likelihood of confirmation of a Chapter 11 plan was "dubious" given the disputed claim between Appellee and a contractor; if the case continued under Chapter 7 all unsecured creditors could be paid within months; and conversion would not benefit all parties

involved. <u>In re Hardigan</u>, 490 B.R. 437, 447, 451-53 (Bankr. S.D. Ga. 2013).

Upon a careful review of the record, I find that the Bankruptcy Court's factual findings were not clearly erroneous. Accordingly, and applying the highly deferential standard of section 706(b) to those findings of fact, the Bankruptcy Court did not err in refusing to convert the case to Chapter 11.[3] Recognizing that this case involves a controlling question of law as to which there is substantial ground for difference of opinion,[4] an immediate appeal may materially advance the ultimate termination of the litigation.

## CONCLUSION

As discussed above, the Court **AFFIRMS** the Bankruptcy Court's Order denying Appellant's motion to convert or dismiss. The Clerk shall terminate all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of October, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]    The Court does not address the Bankruptcy Court's discussion of the interplay between sections 706(b) and 707(b) because there is sufficient evidence in the record to determine that the Bankruptcy Court did not err in refusing to convert the case under section 706(b) alone.

[4]    The Eleventh Circuit declined to answer "whether the ability to pay may be dispositive and, if not, what weight it should be given as compared to other factors[.]" <u>In re Witcher</u>, 702 F.3d 619, 623 (11th Cir. 2012). As discussed in detail <u>supra</u>, Appellant contends that the bankruptcy court abused its discretion by denying the motion to dismiss where the ability to pay factor was met. Contrarily, Appellee asserts that the bankruptcy court did not err by considering ability to pay alongside other factors.